UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Omar Shaaban,                                                    Case No.  3:20-cv-2406

                    Plaintiff,

        v.                                                        MEMORANDUM OPINION
                                                                        AND ORDER

U.S. Citizenship and Immigration
Services, *et al.*,

                    Defendants.

## I.  INTRODUCTION

Plaintiff Omar Shaaban, proceeding *pro se*, challenges the denial of visa petitions he filed with

the United States Citizenship and Immigration Services ("USCIS").  (Doc. No. 1).  Defendants

USCIS, the Secretary of Homeland Security, the Director of USCIS, the Chairman of the Board of

Immigration Appeals, and the District Director of the Cleveland Field Office of USCIS moved to

dismiss Shaaban's complaint for lack of subject matter jurisdiction and for failure to state a claim

upon which relief may be granted.  (Doc. No. 7).  Shaaban filed a brief in opposition to Defendants'

motion, (Doc. Nos. 8 and 8-1), and Defendants filed a brief in reply.  (Doc. No. 10).  For the

reasons stated below, I grant Defendants' motion.

## II.  BACKGROUND

Born in Lebanon in 1974, Shaaban first came to the United States on a student visa on

November 30, 2000.  (Doc. No. 1 at 5).  Shaaban married his first wife, Stephanie, on August 28,

2001.  Stephanie filed an I-130 Petition on September 14, 2001.  (*Id.*).

The I-130 Petition allows a United States citizen or lawful permanent resident to petition the USCIS to classify the petitioner's non-citizen spouse as an immediate relative. 8 C.F.R. § 204.1(a). If the I-130 is approved, the beneficiary-spouse then can file a Form I-485, Application to Register Permanent Residence or Adjust Status. 8 C.F.R. § 245.2(a)(2).

Shaaban and Stephanie were interviewed by a USCIS agent on June 4, 2002, though no action was taken. (Doc. No. 1 at 5). Shaaban and Stephanie divorced approximately two years later, and Shaaban married his second wife, Regina, on July 4, 2004. Stephanie's I-130 Petition was withdrawn, and Regina filed an I-130 Petition on November 16, 2004. (*Id.*). Sadly, Regina died on February 3, 2005.

Shaaban married his third wife, Norma, on April 28, 2006. Norma filed an I-130 Petition on October 12, 2006. (*Id.* at 6). Shaaban and Norma were interviewed by a USCIS agent in January 2007. No action was taken on Norma's petition until October 2010, when the USCIS denied Norma's I-130 Petition. (*Id.*). The Director of the Cleveland Field Office denied the petition because there was "substantial and probative evidence that the beneficiary's marriage to his first United States citizen spouse was entered into for the purpose of evading the immigration laws." (Doc. No. 1-1 at 2).

Shaaban appealed the decision to the Board of Immigration Appeals, which affirmed the Field Director's decision. (Doc. No. 1 at 6). During the course of the USCIS's investigation, the landlord of the apartment where Shaaban and Stephanie resided after they were married stated Shaaban had told him Shaaban "had paid his spouse $7,000 to $10,000 to marry him and that his rent would be late on one occasion because he had to pay her another $1[,]000 and that he told the landlord after an immigration interview that he thought immigration authorities were 'on to him.'" (Doc. No. 1-1 at 2). Further, the landlord reported to the USCIS that Stephanie "had another boyfriend and that both lived with [Shaaban] for a short time but moved out together some months

later." (*Id.*).  Finally, Shaaban acknowledged to the USCIS that he and Stephanie only lived together

from "'several weeks before [their] marriage' on August 21, 2001, until January 2002." (*Id.*).

Shaaban admitted making the statements the landlord described but stated he was joking and

the statements were not true.  (*Id.*)  The Board of Immigration Appeals concluded Shaaban's

explanation was "insufficient to rebut the substantial and probative evidence that [his] previous

marriage was fraudulent." (*Id.*).

Shaaban asserts one cause of action under the Administrative Procedure Act ("APA").  He

seeks a declaration that Defendants improperly denied the I-130 Petition and violated the APA by

doing so.  (Doc. No. 1 at 7).  He also seeks an order requiring USCIS to immediately approve

Norma's I-130 Petition and to grant his I-485 Petition.  (*Id.*).

### III.  STANDARD

A party may move to dismiss claims alleged against it for lack of subject matter jurisdiction

by filing a motion under Rule 12.  Fed. R. Civ. P. 12(b)(1).  Defendants may make either a facial or a

factual attack on subject matter jurisdiction under Rule 12(b)(1).  *Ohio Nat'l Life Ins. Co. v. United

States*, 922 F.2d 320, 325 (6th Cir. 1990).  "The plaintiff bears the burden of establishing that

jurisdiction exists." *Taylor v. KeyCorp*, 680 F.3d 609, 615 (6th Cir. 2012) (citing *Nichols v. Muskingum

Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)).

A defendant also may seek to dismiss a plaintiff's complaint on the ground the complaint

fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  When ruling on a

motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and

accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th

Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Factual allegations must be sufficient to

state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.  Legal conclusions and unwarranted factual

3

inferences are not entitled to a presumption of truth.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV.    ANALYSIS

Defendants have moved to dismiss Shaaban's complaint.  First, Defendants argue the Declaratory Judgment Act, 28 U.S.C. § 2201, does not constitute an independent basis for federal subject matter jurisdiction and, therefore, that portion of Shaaban's complaint lacks merit.  (Doc. No. 7 at 3-4).  It is true that § 2201 "does not create an independent cause of action" and does not provide a stand-alone basis for subject matter jurisdiction.  *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007).  But, as Shaaban argues, this has no impact on this Court's jurisdiction to hear Shaaban's claims, as 28 U.S.C. § 1331 provides for subject matter jurisdiction over actions brought pursuant to the APA for judicial review of an agency's action.  *See Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 494 (6th Cir. 2014).

Next, Defendants argue Shaaban fails to state a claim for relief because his claims are barred by the applicable statute of limitations.  (Doc. No. 7 at 4-6).  Claims brought against the federal government under the APA are subject to a six-year limitations period, which begins to run when "the right of action first accrues."  28 U.S.C. § 2401.  A cause of action under the APA accrues when there has been a "final agency action."  *Bangura v. Hansen*, 434 F.3d 487, 500 (6th Cir. 2006).  "An action is final where it: (1) marks the 'consummation of the agency's decision-making process;' and (2) determines rights and obligations or occasions legal consequences."  *Id.* at 500-01 (citing *Bennett v. Spear,* 520 U.S. 154, 177-78 (1997) and *Air Brake Sys., Inc. v. Mineta,* 357 F.3d 632, 639 (6th Cir. 2004)).

The Board of Immigration Appeals issued its decision affirming the denial of Norma's I-130 Petition on August 2, 2012.  (Doc. No. 1-1).  Defendants argue Shaaban's claims are barred by the

4

statute of limitations because he did not file his complaint in this case until October 23, 2020, over eight years after the final agency action.  (Doc. No. 7 at 6).

Shaaban first argues his claims are not barred because he initially filed suit regarding the denial of the I-130 Petition on August 1, 2018, (*see* Case No. 3:18-cv-1781), and the Ohio Savings Statute causes his new action to relate back to the filing date of his first lawsuit.  (Doc. No. 8-1 at 8). This argument is not persuasive, as a state savings statute does not preempt a federal statute of limitations.  *See, e.g., Ruhl v. Ohio Health Dep't*, 725 F. App'x 324, 335 (6th Cir. 2018).

He next argues his claims are not barred by the statute of limitations because of the continuing violation doctrine.  (Doc. No. 8-1 at 9).  The continuing violation doctrine tolls a limitations period "when: (1) 'there is some evidence of present [prohibited] activity giving rise to a claim of a continuing violation' and 'at least one of the forbidden . . . acts occurs within the relevant limitations period'; or (2) there is a 'longstanding and demonstrable policy' of the forbidden activity."  *Ohio Midland, Inc. v. Ohio Dep't of Transp.*, 286 F. App'x 905, 912 (6th Cir. 2008) (citing *Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 857 (6th Cir. 2003)).  "[C]ourts have been 'extremely reluctant to apply [the continuing violations] doctrine outside of the context of Title VII.'"  *Ohio Midland*, 286 F. App'x at 912 (quoting *LRL Props. v. Portage Metro Hous. Auth.,* 55 F.3d 1097, 1105 n. 3 (6th Cir.1995)).

Shaaban does not point to any case within the Sixth Circuit in which a court has applied the continuing violation doctrine to an APA claim.  Moreover, his argument that he can establish a continuing violation based upon the Defendants' continued refusal to grant his permanent residency petitions, (Doc. No. 8-1 at 9), is the same type of argument the Sixth Circuit rejected in *Ohio Midland*. In that case, the court rejected the plaintiff's argument that there was a continuing violation of the plaintiff's rights based upon the defendants' "alleged 'continued decision'" not to reverse the defendants' earlier alleged constitutional violation.  *Ohio Midland*, 286 F. App'x at 912.  The Sixth

Circuit held the defendants "'continued decision' . . . was merely a manifestation" of the earlier alleged violation.  *Id.*  Here, as in *Ohio Midland*, Shaaban cannot avoid the statute of limitations by claiming Defendants have failed to reverse their allegedly improper decision.

Nor can he extend the limitations period by attempting to tie in removal proceedings before the Executive Office for Immigration Review.  (*See* Doc. No. 8-1 at 9-10).  Shaaban did not include any allegations in his complaint with respect to any removal proceedings, instead offering those allegations for the first time in his opposition brief.  "Plaintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint."  *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (citations omitted).[1]

Finally, Shaaban argues the limitations period should be "equitably tolled as a matter of fairness and to prevent inequity."  (Doc. No. 8-1 at 10).  The Sixth Circuit instructs courts to consider five factors "when determining the appropriateness of equitably tolling a statute of limitations: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness [in] remaining ignorant of the particular legal requirement."  *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

While not all five factors will be relevant in every case, *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001), Shaaban fails to show any of these factors weigh in his favor.  Shaaban had notice of the filing requirement, as he filed his first complaint within the limitations period.

---

[1]  Nor would those allegations have made a difference if Shaaban had properly presented them.  He alleges that the removal proceedings are "the result of the wrongful acts set forth in Plaintiff's Complaint."  (Doc. No. 8-1 at 10).  Even if I were to assume the continuing violation doctrine could apply in cases like this one, that doctrine plainly excludes from its scope acts which are the "present effects of past [misconduct.]"  *Tenenbaum v. Caldera*, 45 F. App'x 416, 419 (6th Cir. 2002) (citing *Dixon v. Anderson*, 928 F.2d 212, 216 (6th Cir. 1991)).

He has not shown he exercised diligence in pursuing his rights, as he failed to perfect service of process on Defendants in the 2018 case as required by the Federal Rules of Civil Procedure and failed to respond to Defendants' motion to dismiss for insufficient service of process.  (Case No. 3:18-cv-1781, Doc. No. 6 at 1).

Lastly, Shaaban fails to show he acted reasonably in waiting to file his second complaint until one year after his first case was dismissed.  Shaaban claims he "mistakenly assumed that there was a saving[s] statute in federal law," but, as an attorney, he was far better positioned than most *pro se* plaintiffs to access the resources which would have cured his mistaken assumption.  (Doc. No. 8-1 at 10).

Shaaban filed his complaint outside of § 2401's six-year limitations period and fails to establish a reason why that deadline should not apply.  Therefore, I conclude his claims are time-barred and grant Defendants' motion to dismiss.

## V.    CONCLUSION

For the reasons stated above, I grant Defendants' motion to dismiss.  (Doc. No. 7). So Ordered.

s/ Jeffrey J. Helmick
United States District Judge